UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DARIUS BURRIS,

        Plaintiff,

    v.

NASSAU COUNTY, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU COUNTY
POLICE COMMISSIONER LAWRENCE
MULVEY, COMMANDING OFFICER
INSPECTOR STEVEN WILLIAMS,
COMMANDING OFFICER NIEL DELARGY,
CHIEF OF DETECTIVES JAY CAPUTO,
LIEUTENANT KEECHANT SEWELL,
LIEUTENANT MARC TIMPANO, DETECTIVE
DAVID SULZ, DETECTIVE ANTHONY
NICOLIC, BUREAU OF SPECIAL OPERATIONS
OFFICERS JOHN DEZELIC and CHRISTOPHER
FEHLING, "JOHN DOE" POLICE OFFICERS
FROM THE NASSAU COUNTY BUREAU OF
SPECIAL OPERATIONS and OTHER
UNKNOWN "JOHN DOE" POLICE OFFICERS
EMPLOYEED BY NASSAU COUNTY AND YET
TO BE NAMED and DETECTIVES EMPLOYED
BY NASSAU COUNTY, NASSAU COUNTY
SHERIFF'S DEPARTMENT, SHERIFF
MICHAEL J. SPOSATO, THE NASSAU
COUNTY CORRECTIONS DEPARTMENT and
"JOHN DOE" CORRECTIONS OFFICIALS and
OFFICERS YET TO BE NAMED,

        Defendants.

**MEMORANDUM & ORDER**
11-CV-0119 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiff Darius Burris commenced the above-captioned action on January 7, 2011,

against Defendants Nassau County, Nassau County Police Department, Nassau County Police

Commissioner Lawrence Mulvey, Commanding Officer Inspector Steven Williams,

**DRAFT 12/11/2015 10:44 AM**

Commanding Officer Neil Delargy, Chief of Detectives Jay Caputo, Lieutenant Keechant Sewell, Lieutenant Marc Timpano, Detective David Sulz, Detective Anthony Nicolic, Bureau of Special Operations Officers John Dezelic and Christopher Fehling, John Doe Nassau County Police Officers and Detectives, John Doe Nassau County Bureau of Special Operations Officers, Nassau County Sheriff's Department, Sheriff Michael J. Sposato, Nassau County Corrections Department and John Doe Corrections Officers employed by Nassau County Corrections Department. (Compl. ¶¶ 3–11, Docket Entry No. 1.)

Plaintiff asserts common law tort claims and claims for violations of his civil rights under federal and state law, which arise, in part, from his October 21, 2009, arrest and alleged assault, battery and sodomization by Nassau County police officers and detectives. (*Id*. ¶¶ 111–162.) Defendants Nassau County, Nassau County Police Department, Nassau County Sheriff's Department, Nassau County Corrections Department, Mulvey, Williams, Delargy, Caputo, Swewell, Impano and Sposato (collectively, the "Moving Defendants") move for partial summary judgment. (Not. of Mot. for Summ. J. ("Defs. Mot."), Docket Entry No. 63; Defs. Mem. in Support of Defs. Mot. ("Defs. Mem."), Docket Entry No. 66.) Plaintiff partially opposes the motion. (Mem. in Opp'n to Defs. Mot. ("Pl. Opp'n"), Docket Entry No. 61-1.) For the reasons set forth below, the Court grants the Moving Defendants' motion for partial summary judgment.

**I. Background**

Plaintiff was arrested by Nassau County police officers and detectives on October 21, 2009, and alleges that he was assaulted, battered, and sodomized while in custody.[1] (Defs.

---

[1] Because the facts are not relevant in deciding the motion, the Court provides a summary, rather than a detailed statement, of the facts of the case.

56.1 ¶¶ 1–3, 10, Docket Entry No. 64; Pl. 56.1 ¶¶ 1–3, 10, Docket Entry No. 61.) Plaintiff also alleges that these actions were in retaliation for his complaints against members of the Nassau County Police Department about an alleged assault while he was in custody after a June 26, 2006 arrest. (Compl. ¶¶ 89–110, 134.) Plaintiff was twice transported by the Nassau County Emergency Services Unit to Nassau University Medical Center, where he told medical personnel about the alleged assault, battery and sodomization. (Defs. 56.1 ¶¶ 12, 14–15; Pl. 56.1 ¶¶ 12, 14–15.) An x-ray taken at the hospital detected a metallic object in Plaintiff's rectum. (Defs. 56.1 ¶ 16; Pl. 56.1 ¶ 16.)

Plaintiff brings claims for: (1) assault and battery and use of excessive force in violation of the Fourth and Fourteenth Amendments, against Defendants Sulz, Nicolic, Dezelic, Fehling and John Doe Detectives and Officers, (Compl. ¶¶ 163–71); (2) cruel and unusual punishment in violation of the New York State constitution and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983 ("Section 1983"), against Sulz, Nicolic, Dezelic, Fehling and John Doe Nassau County Detective, (Compl. ¶¶ 172–80); (3) municipal liability, pursuant to Section 1983, against all Defendants, (Compl. ¶¶ 181–99); (4) conspiracy to violate Plaintiff's rights in violation of 42 U.S.C. § 1985, against Sulz, Nicolic, Dezelic, Fehling and John Doe Nassau County Detective, (Compl. ¶¶ 200–05); (5) failure to intervene in violation of the Fifth and Fourteenth Amendments of the United States Constitution pursuant to Section 1983, against John Doe Nassau County Police Officer and John Doe Nassau County Detective, (Compl. ¶¶ 206–10); (6) negligent supervision pursuant to Section 1983, against Defendants Mulvey, Williams, Delargy, Caputo, Sewell, Timpano and "supervisor" John Doe Nassau County Officers, (Compl. ¶¶ 211–22); (7) violations of the New York State constitution, including unreasonable seizure and excessive force, against John Doe Nassau

County Police Officers and John Doe Nassau County Detectives, (Compl. ¶¶ 223–25); (8) negligence, against all Defendants, (Compl. ¶¶ 226–29); (9) civil rights violations including cruel and unusual punishment, in violation of the New York State constitution and the Eighth and Fourteenth Amendments of the United States Constitution pursuant to Section 1983, against Nassau County, Nassau County Sheriff's Office and all other "corrections Defendants," (Compl. ¶¶ 230−54); (10) negligent retention and hiring, against "the Municipal Defendants," which appears to include at least Nassau County, (Compl. ¶¶ 255–60); (11) intentional infliction of emotional distress, against all Defendants (Compl. ¶¶ 261–65); (12) negligent infliction of emotional distress, against all individually named Defendants (Compl. ¶¶ 266–67); and (13) *respondeat superior*, against "the Municipal Defendants" (Compl. ¶¶ 268–69).

## II. Discussion

### a. Standard of review

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015); *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013); *Kwong v. Bloomberg*, 723 F.3d 160, 164–65 (2d Cir. 2013). The role of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 162 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment. *Id.* The court's function is to decide "whether, after

resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000).

### b. Claims against Mulvey, Williams, Delargy, Caputo, Sewell, Timpano and Sposato

The Moving Defendants seek summary judgment as to all claims against Defendants Nassau County Police Commissioner Lawrence Mulvey, Commanding Officer Inspector Steven Williams, Commanding Officer Neil Delargy, Chief of Detective Jay Caputo, Lieutenant Keechant Sewell, Lieutenant Marc Timpano and Sheriff Michael J. Sposato, based on the absence of proof of any personal involvement by these individuals in the acts alleged in the Complaint. (Defs. Mem. 8–10.) The Moving Defendants argue that Plaintiff has "no proof" that these Defendants violated Plaintiff's rights, "acted improperly or negligently with regard" to Plaintiff, "failed to intervene to protect plaintiff," or "intentionally or negligently inflicted emotional distress" on Plaintiff. (*Id*. at 10.)

In response to the Moving Defendants' motion, Plaintiff states that he has "has no opposition" to the dismissal of all claims against Mulvey, Williams, Delargy, Caputo, Sewell, Timpano and Sposato. (Pl. Opp'n 1.) Plaintiff concedes that there is "no evidence that they were involved with respect to the allegations in the [C]omplaint." (Pl. Opp'n 1.) Based on Plaintiff's representation, the Court grants the Moving Defendants' motion for summary judgment as to all claims in the Complaint against Mulvey, Williams, Delargy, Caputo, Sewell, Timpano and Sposato.[2]

---

[2] The sixth cause of action for negligent supervision is asserted only against these Defendants and is dismissed.

5

### c. Claims against Nassau County Police Department, Nassau County Sheriff's Department and Nassau County Corrections Department

The Moving Defendants seek summary judgment as to all claims against Defendants Nassau County Police Department, Nassau County Sheriff's Department and Nassau County Corrections Department,[3] arguing that these entities are administrative arms of a municipality that cannot be sued separately from the municipality. (Defs. Mem. 15.) In response to the motion, Plaintiff states that he does not oppose dismissal of the claims against Nassau County Police Department and Nassau County Corrections Department, and acknowledges that they are not separate or suable entities.[4] (Pl. Opp'n 1.) Plaintiff fails to address or oppose the same argument as to Nassau County Sheriff's Department, but because it is also an administrative arm of Nassau County, Plaintiff's reason for not opposing dismissal as to Nassau County Police

---

[3] There does not appear to be an entity called the "Nassau County Corrections Department." The official website of the Nassau County Sherriff's Department indicates that there is a Corrections Division of the Nassau County Sheriff's Department and a Nassau County Correctional Center, which is overseen by the Sheriff's Department. Sheriff's Department, Nassau County, http://www.nassaucountyny.gov/agencies/sheriff/index.html (last visited December 3, 2015). The Court takes judicial notice of the existence of these two similarly named entities. *See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, No. 14-CV-9783, 2015 WL 5122590, at *7 (S.D.N.Y. Aug. 31, 2015) (stating that it is "clearly proper for to take judicial notice" of "documents retrieved from official government websites" and that "Courts routinely take judicial notice of such governmental records"); *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 347 (S.D.N.Y. 2014) ("This Court . . . may take judicial notice of the information contained on Defendant's own website." (citation omitted)); *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) ("[A] court may take judicial notice of information publically announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" (quoting Fed. R. Evid. 201(b))). The Court understands Plaintiff to seek to sue either of these two entities. However, given the fact that both of these entities are administrative arms of Nassau County and therefore improper parties, it is not necessary for the Court to decide which entity Plaintiff intended to sue.

[4] On October 7, 2014, at the pre-motion conference, the Court *sua sponte* dismissed all claims against the Nassau County Police Department. (Oct. 7, 2014 Minute Entry.)

Department and Nassau County Corrections Department also applies to Nassau County Sheriff's Department.

Moreover, "[i]t is well-established that under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Allen v. New York*, No. 15-CV-3653, 2015 WL 6507477, at *3 (E.D.N.Y. Oct. 27, 2015) (internal quotation marks omitted) (quoting *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)) (dismissing claims against Nassau County Police Department and Nassau County District Attorney's Office as administrative arms of Nassau County); *see also White v. Nassau Cty. Sheriff Dep't*, No. 14-CV-5203, 2014 WL 5091793, at *3 (E.D.N.Y. Oct. 9, 2014) ("[A] claim against the Nassau County Sheriff's Department is not plausible because it has no legal identity separate and apart from Nassau County."); *Macaluso v. Nassau Cty. Corr. Ctr.*, No. 13-CV-6206, 2014 WL 1401429, at *4 (E.D.N.Y. Apr. 8, 2014) (finding that the Nassau County Correctional Center "is an administrative arm of Nassau County, and thus, lacks capacity to be sued"), *appeal dismissed*, (Dec. 9, 2014); *Robischung-Walsh v. Nassau Cty. Police Dep't*, 699 F. Supp. 2d 563, 565 (E.D.N.Y. 2010) (dismissing claims against the Nassau County Police Department as a non-suable entity), *aff'd*, 421 F. App'x 38 (2d Cir. 2011); *Melendez v. Nassau County*, No. 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing claims against Nassau County Sheriff's Department Division of Correction and Nassau County Correctional Center as administrative arms of Nassau County that lack the capacity to be sued). Based on the fact that these entities are non-suable entities and on Plaintiff's consent, the Court grants the Moving Defendants' motion and dismisses all claims against Nassau County Police Department, Nassau County Sheriff's Department and Nassau County Corrections Department.

### d. Municipal liability

The Moving Defendants seek summary judgment as to Plaintiff's claims against Nassau County for municipal liability pursuant to Section 1983.[5] (Defs. Mem. 11–14.) The Moving Defendants argue that Plaintiff's claims for municipal liability are "unsupported by the record," and that Plaintiff has "presented no evidence whatsoever regarding a custom or policy, or a lack of training" that could subject Nassau County to liability for the alleged constitutional violations of its employees. (*Id.* at 13–14.) The Moving Defendants note that Plaintiff has not conducted discovery "with regard to such a custom or policy or lack of training" and only deposed the individual officers and detectives whom Plaintiff asserts were involved in the alleged incidents. (*Id.*) The Moving Defendants further argue that Plaintiff is unable "to demonstrate a failure on behalf of the County to properly supervise" the individual Defendants and that the record contains no basis to conclude that "anyone in a policymaking position was aware of any constitutional violations being committed" by individual Defendants. (*Id.*)

Plaintiff does not oppose the dismissal of his Section 1983 claims against Nassau County and concedes that the Moving Defendants are "correct that the County cannot be held liable as a person under 42 U.S.C. Section 1983." (Pl. Opp'n 1.) Based on Plaintiff's representation, the Court grants the Moving Defendants' motion for summary judgment as to all Section 1983 claims against Nassau County.

Plaintiff argues, however, that his state law claim against Nassau County for vicarious liability should not be dismissed. (*Id.* 1−2.) The Moving Defendants are not seeking summary

---

[5] Plaintiff's third and ninth causes of action allege constitutional violations by Nassau County pursuant to Section 1983. The Court also construes Plaintiff's tenth cause of action, which alleges negligent retention and hiring by "the Municipal Defendants," to be asserted against several Defendants, including Nassau County, pursuant to Section 1983.

judgment as to Plaintiff's state law claims against Nassau County or Plaintiff's claims against individual Defendants for assault and battery, for which Nassau County may be liable under state law under a theory of *respondeat superior*.

"Although a municipality cannot be held vicariously liable on a section 1983 claim, under New York state law, a municipality may be held vicariously liable on state law claims asserted against individual officers under a theory of *respondeat superior*. This includes claims against a municipality for the actions of its officers in committing assault and battery." *Gustafson v. Village of Fairport*, No. 12-CV-6147, 2015 WL 3439241, at *13 (W.D.N.Y. May 29, 2015); *see also Sankar v. City of New York*, 867 F. Supp. 2d 297, 313 (E.D.N.Y. 2012) (explaining that "municipalities may be held vicariously liable for false arrest and malicious prosecution under a theory of *respondeat superior*"); *Linson v. City of New York*, 951 N.Y.S.2d 167, 168 (App. Div. 2012) ("A municipality may be vicariously liable for a common-law assault, premised upon an assault by a police officer, under a theory of *respondeat superior*.").

Because the Moving Defendants did not move for summary judgment as to Plaintiff's state law claims against Nassau County or Plaintiff's assault and battery claims against individual Defendants, these claims remain at issue and Nassau County is not dismissed from this action.

### III. Conclusion

For the foregoing reasons, the Court grants the Moving Defendants' motion for partial summary judgment and dismisses all claims against Defendants Nassau County Police Commissioner Lawrence Mulvey, Commanding Officer Inspector Steven Williams, Commanding Officer Neil Delargy, Chief of Detectives Jay Caputo, Lieutenant Keechant Sewell, Lieutenant Marc Timpano, Sheriff Michael J. Sposato, Nassau County Police

Department, Nassau County Sheriff's Department and Nassau County Corrections Department.

The Court further dismisses all Section 1983 claims asserted against Nassau County.

SO ORDERED:


_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: December 11, 2015
       Brooklyn, New York